IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| GARRETT R. REID, | ) | Civil Action No. 2:22-CV-01025-CBB |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | United States Magistrate Judge |
| vs. | ) | Christopher B. Brown |
| | ) | |
| VETERANS ADMINISTRATION, | ) | |
| PITTSBURGH, PA, | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

**MEMORANDUM OPINION**[1]
**ON DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT, ECF No. 14**

## I.    Introduction

Plaintiff Garrett R. Reid ("Reid") initiated this pro se civil action alleging his

employer, Defendant Veterans Administration, Pittsburgh, PA ("Defendant"),

discriminated against him by failing to accommodate his traumatic brain injury

after he returned from military service, in violation of Section 504 of the

Rehabilitation Act, 29 U.S.C. § 794, *et seq.* ("the Rehabilitation Act"), Title VII of

the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the

Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. § 621, *et seq.*

---

[1]    All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*  This matter was originally assigned to Magistrate Judge Cynthia Reed Eddy.  Upon Judge Eddy's retirement, the matter was reassigned on April 23, 2024, to Chief Magistrate Judge Richard A. Lanzillo.  On July 3, 2024, by Administrative Order 2024-07 filed at 2:24-mc-10001, the matter was reassigned to this member of the Court.

("ADEA"), the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA"), and the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 to 4333 ("USERRA"). ECF No. 11. This court has subject matter jurisdiction under 28 U.S.C. § 1331 for Reid's federal claims.[2]

Presently pending before the Court is Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment. ECF No 14. The Court converted the Motion to Dismiss to a Motion for Summary Judgment on the issue of exhaustion only. ECF No. 16. The Motion is fully briefed and ripe for consideration. ECF Nos. 14-15, 23, 28.

For the reasons set forth below, the Defendant's Motion is GRANTED in part and DENIED in part as follows:

- Defendant's Motion to Dismiss for failure to state a claim with respect to Reid's Rehabilitation Act disability discrimination and failure-to-accommodate claims is GRANTED <u>without</u> prejudice and with leave for Reid to amend.

- Defendant's Motion for Summary Judgment as to Reid's exhaustion of administrative remedies for his Rehabilitation Act claims will be DENIED <u>without</u> prejudice for Defendant to reassert.

- Defendant's Motion to Dismiss for failure to state a claim with respect to Reid's Title VII and ADEA claims is GRANTED <u>without</u> prejudice and with leave for Reid to amend.

- Defendant's Motion for Summary Judgment on Reid's exhaustion of administrative remedies for his Title VII and ADEA claims will be DENIED <u>without</u> prejudice for Defendant to reassert.

---

[2]    Reid also brings a state law claim under the PHRA, which Defendant challenges for lack of subject matter jurisdiction. ECF No. 15 at 17. Defendant is correct that the Court lacks subject matter jurisdiction over Reid's PHRA claim, as addressed *infra*.

- Defendant's Motion to Dismiss for lack of subject matter jurisdiction with respect to Reid's PHRA claim is GRANTED <u>with</u> prejudice.

- Defendant's Motion to Dismiss for failure to state a claim with respect to Reid's USERRA claim is GRANTED <u>without</u> prejudice and with leave for Reid to amend.

Reid is granted thirty (30) days, or until **<u>July 30, 2025</u>**, to file an amended complaint addressing the deficiencies set forth below. This case will be marked as ADMINISTRATIVELY CLOSED unless and until Reid files the amended complaint by the specified deadline.

## II.    Factual Background

Reid alleges he was an employee of the Defendant Veteran's Administration in the Aspinwall and Pittsburgh, PA locations. ECF No. 11 at 1. Following a leave of absence, he returned to work in 2019 when the Defendant's Human Resources Department ("HR Department") discriminated against him by failing to accommodate his disability – specifically, a traumatic brain injury which he sustained while on military deployment in Syria. *Id.*

Instead of accommodating him, Reid alleges the HR Department placed him on leave without pay for sixteen months, refused him 120 hours of disability leave, "dropped the ball on reasonable accommodation" twice, did not notify him that they dismissed his reasonable accommodation, and "completely ignored and discarded him." *Id.* at 4. He alleges the HR Department's mishandling of his accommodation request made him unjustifiably compete for his employment. *Id.* Notably, Reid does not specify what his job was at the Veterans Affairs, nor what reasonable accommodations he requested. *See generally*, ECF No. 11. Nonetheless, he

3

demands sixteen months of lost pay, a COVID-19 bonus, and compensation for lost training time, job credibility, and pain and suffering.  *Id.* at 5.

Prior to filing this action in federal court, Plaintiff contacted an Equal Employment Opportunity ("EEO") Counselor on April 13, 2021 regarding his allegations of discrimination.  ECF No. 14-1 at 2-5.  The EEO issued him a Notice of Right to File a Discrimination Complaint on May 11, 2021.  ECF No. 14-2 at 2-6.  Reid received access to the Notice on May 13, 2021, which triggered his 15-day window to file his formal complaint on or before May 28, 2021.  *Id.* at 7.  *See also* 29 C.F.R. § 1614.106.  Reid filed his formal complaint on June 29, 2021.  ECF No. 14-3 at 2.  On September 9, 2021, the Department of Veterans Affairs Office of Resolution Management issued a final agency decision and dismissed Reid's claims because they were raised beyond the 45-day reporting requirement, set forth in 29 C.F.R. § 1614.105 (a)(2), and because he filed his formal complaint beyond the 15-day filing period.  29 C.F.R. § 1614.106.  ECF No. 14-3 at 2-10.

Reid appealed the final agency decision to the Office of Federal Operations for the Equal Employment Opportunity Commission.  ECF No. 14-4 at 2-6.  On March 10, 2022, the Office of Federal Operations affirmed the final agency decision because Reid filed his formal complaint outside the 15-day window but did not address whether Reid missed the 45-day filing requirement.  *Id.*  The Office of Federal Operations determined Reid failed to provide adequate justification to excuse his untimely filing of the formal complaint, and even though Reid was on

4

military orders during that period, the record showed he had advanced notice of his duty and access to email during the relevant period.  *Id.* at 4.

### III. District Court Proceedings

Reid, proceeding pro se and in forma pauperis, commenced this action on June 27, 2022 in the United States District Court for the Eastern District of Pennsylvania.  ECF Nos. 1-2.  On July 13, 2022, the case was transferred to the Western District of Pennsylvania because the events giving rise to the claim occurred in this district.  ECF No. 5.

Thereafter, Defendant moved to dismiss the Complaint, or in the alternative, for summary judgment on the issue of exhaustion of administrative remedies only. ECF Nos. 14-15.  Because Defendant presented EEO filings that were outside of the Complaint, the Court converted the Motion into a Motion for Summary Judgment on the issue of exhaustion only.  ECF No. 16.  Reid was advised that in converting Defendant's Motion to Dismiss into a Motion for Summary Judgment, the exhaustion issue will be evaluated under the Fed. R. Civ. P. 56 standard.  *Id.*  Reid was also advised that the remainder of Defendant's Motion would be decided under the well-established standards for deciding motions to dismiss.[3]

---

[3]    The Parties were also advised the requirements of Local Rule 56(B) and (C) regarding the filing of a concise statement of facts and a responsive concise statement were waived.  ECF No. 16.

## IV.  Standard of Review

### a.  Fed. R. Civ. P. 12(b)(1) – Motion to Dismiss for lack of subject matter jurisdiction:

A motion filed under Fed. R. Civ. P. 12(b)(1) challenges whether the court has subject matter jurisdiction, meaning the court's "very power to hear the case." *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Under Fed. R. Civ. P. 12(b)(1), the plaintiff is the party invoking a federal court's jurisdiction and therefore bears the burden of showing their claims are properly before the court.  *Id.*

A challenge under Fed. R. Civ. P. 12(b)(1) can be either facial or factual. *Petruska v. Gannon U.*, 462 F.3d 294, 302, n.3 (3d Cir. 2006).  A facial attack challenges jurisdiction based on the plaintiff's pleading, and when considering such a challenge, a court must accept the allegations in the plaintiff's complaint as true. *Id.*  A factual challenge "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts."  *Huertas*, 120 F.4th at 1174, n. 7 (citing *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016)).  In reviewing a factual challenge, "the court may consider evidence outside the pleadings." *DiBease v. United States*, No. 23-2779, 2024 WL 4234640, at *1 (3d Cir. Sept. 19, 2024) (citing *U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 251 (3d Cir. 2016)).  A "12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268.

### b. Fed. R. Civ. P. 12(b)(6) – Motion to Dismiss for failure to state a claim:

A motion filed under Fed. R. Civ. P. 12(b)(6) challenges whether the complaint states an actual claim. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and can be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A defendant has the burden of showing that a complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must be dismissed if it merely alleges entitlement to relief without supporting facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), nor a plaintiff's "bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The court's role is limited to determining if a plaintiff is entitled

to offer evidence in support of their claims – not if they will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). When matters outside of the pleadings are presented to the Court on a Rule 12(b)(6) motion, the Court has the discretion to exclude such matters from consideration. Fed.R.Civ.P. 12(d); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 905 n.3 (3d Cir. 1997). If matters outside the pleadings are presented to, and not excluded by, the court, a motion to dismiss must be converted to a motion for summary judgment. *See* Fed.R.Civ.P.12(d).

Reid is proceeding pro se, and he is entitled to a liberal reading of his pleadings and documents filed in opposition to the pending Motion. *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established."). If the Court can reasonably read pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982). Additionally, a pro se plaintiff may be granted "leave [to amend] . . . when justice so requires," *Foman v. Davis*, 371 U.S. 178, 182 (1962), unless amendment

would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

### c. Fed. R. Civ. P. 56 – Motion for Summary Judgment

A motion for summary judgment filed under Fed. R. Civ. P. 56 is granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must ask whether the evidence presents "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

In making this determination, "all reasonable inferences from the record must be drawn in favor of the nonmoving party and the court may not weigh the evidence or assess credibility." *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (cleaned up). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S at 247-48. An issue is "genuine" if a reasonable jury could possibly hold in the nonmovant's favor with respect to that issue. *Id.* This standard is somewhat relaxed with respect to pro se litigants. *Simmons v. Gilmore*, No. 2:17-CV-00996, 2021 WL 1215773, at *8 (W.D. Pa. Mar. 31, 2021) (citing *Anderson*, 477 U.S. at 256). Where a party is pro se, the complaint is to be construed liberally. *Renchenski v. Williams*, 622 F.3d 315, 337 (3d Cir. 2010).

At the summary judgment stage of the proceedings, the Court need not credit bald assertions or legal conclusions unaccompanied by evidentiary support. *Jones,*

214 F.3d at 407. "[A] pro se plaintiff is not relieved of his obligation under [Federal Rule of Civil Procedure] 56 to point to competent evidence in the record that is capable of refuting a defendant's motion for summary judgment." *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (citation omitted). *See also Boyd v. Citizens Bank of Pa., Inc.*, 2014 WL 2154902, at *3 (W.D. Pa. May 22, 2014) (stating "[t]o the extent Plaintiff's statement of 'fact' specifically controverts Defendant's, the Court will consider these facts in determining whether summary judgment should be granted"). Because Reid is a pro se litigant, this Court will consider the facts and make inferences where it is appropriate.

## V.    Discussion

Defendant moves to dismiss all of Reid's claims, and seeks summary judgment regarding his Rehabilitation Act, Title VII, and ADEA claims for failure to exhaust. Each are discussed in turn.

### a.   Rehabilitation Act[4]

Defendant moves to dismiss Reid's Rehabilitation Act claim for failure to state a claim and because he failed to exhaust administrative remedies. As

---

[4]     Reid noted in his Complaint that he is bringing his disability discrimination claim under the Americans with Disabilities Act ("ADA"). ECF No. 11 at 1. However, "the ADA does not apply to federal agencies." *Smith v. Pallman*, 420 F. App'x 208, 214 (3d Cir. 2011) (citing 42 U.S.C. § 12132). "The ADA's definition of a public entity includes state and local governments and agencies, but does not include the United States Government, federal agencies, or federal employees." *Combs v. Gopel*, No. 23CV6502 (EP) (CLW), 2025 WL 325766, at *4 (D.N.J. Jan. 29, 2025). Accordingly, the only way Reid can raise a disability claim against a federal employer is under Section 504 of the Rehabilitation Act. *Nolan v. Shinseki*, No. 07-813, 2009 WL 3536628, at *15 (W.D. Pa. Oct. 30, 2009). *See also Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998) ("As a federal employee, Rivera has no remedy for employment discrimination under the ADA. His sole claim for discrimination on the basis of disability is under the Rehabilitation Act"). Given Reid's pro se status, the Court will review Reid's disability discrimination claim under the standards of the Rehabilitation Act.

explained below, Defendant's Motion to dismiss Reid's Rehabilitation Act claim for failure to state a claim will be GRANTED <u>without</u> prejudice and with leave for Reid to amend.  Defendant's Motion for summary judgment on Reid's failure to exhaust administrative remedies will be DENIED <u>without</u> prejudice**.**

### i.  Motion to Dismiss - Failure to State a Claim

Construing his Complaint liberally, Reid is alleging claims for discrimination and failure to accommodate under the Rehabilitation Act.  ECF No. 11 at 1, 4. Defendant moves to dismiss both claims under the Rehabilitation Act, arguing that Reid has failed to allege the elements of the claims.  ECF No. 15 at 15.  Reid does not respond to Defendant's arguments in his Opposition.  ECF No. 23.

The Rehabilitation Act prohibits federal employers from discriminating against persons with disabilities in matters of hiring, placement, or advancement. *Sever v. Henderson*, 220 F. App'x 159, 161 (3d Cir. 2007).  Rehabilitation Act discrimination claims are governed by the same standards as the ADA.  *Id.* (citing 29 U.S.C. § 794(d)).  Reid's claims are addressed in turn.

### 1.  Rehabilitation Act - Discrimination Claim

To state a discrimination claim under the Rehabilitation Act, Reid, as the employee, bears the burden of demonstrating (1) that he has a disability, (2) that he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he was nonetheless terminated or otherwise prevented from performing the job.  *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996).  Reid must also allege that a reasonable accommodation is possible.  *Dalzell v. Astrue*, No. 2:05CV755, 2008 WL 598307, at

*4 (W.D. Pa. Mar. 3, 2008). If Reid alleges these elements, then the burden shifts to the Defendant to prove, as an affirmative defense, that the accommodations are unreasonable or would cause an undue hardship on the employer. *Id.*

Defendant moves to dismiss Reid's claim, arguing Reid does not plead he was otherwise qualified to perform the essential functions of the job. ECF No. 15 at 15. The Court agrees. Reid's Complaint sufficiently alleges at this stage of the litigation that he had a disability – namely a traumatic brain injury – and that he was placed on leave without pay. ECF No. 11 at 1, 4. Reid's Complaint lacks, however, sufficient detail about his job and its essential functions, and he does not allege he was otherwise qualified to perform the essential functions of his job with or without a reasonable accommodation. *Id.*

However, as leave to amend is not futile, the Court will dismiss Reid's Rehabilitation Act claim <u>without</u> prejudice and with leave to amend what it lacks. *See Grayson*, 293 F.3d at 114 (stating that a pro se plaintiff must be granted leave to amend unless amendment would be futile).

### 2. Rehabilitation Act - Failure-to-Accommodate Claim

Construing his Complaint liberally, Reid is also bringing a claim for failure-to-accommodate his disability. ECF No. 11 at 1, 4. To state a claim for failure to accommodate under the Rehabilitation Act, Reid must allege: "(1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated." *Capps v. Mondelez Glob., LLC,* 847 F.3d 144, 157 (3d

Cir. 2017) (*quoting Armstrong v. Burdette Tomlin Mem'l Hosp.,* 438 F.3d 240, 246 (3d Cir. 2006)).  *See also Sinico v. Pennsylvania*, No. 22-2998, 2024 WL 510521, at *7 (3d Cir. Feb. 9, 2024) (applying same standard to Rehabilitation Act failure to accommodate claim).  Defendant argues his failure to accommodate claim must be dismissed because his allegations are conclusory.  ECF No. 15 at 15.

Reid's Complaint only alleges that he had a disability – a traumatic brain injury – and that he requested an accommodation.  ECF No. 11 at 1, 4.  His Complaint does not allege: (a) that his employer knew about his disability; (b) what the requested accommodation was; (c) that his employer did not make a good faith effort to asset (d) or that he could have been reasonably accommodated.  *Id.* Accordingly, his claim will be dismissed.

However, his failure-to-accommodate claim is not necessarily futile.  *See Grayson*, 293 F.3d at 114.  The Court will grant Defendant's Motion to Dismiss Reid's failure to accommodate claim <u>without</u> prejudice and with leave to amend. Reid is encouraged to address the missing elements of his failure to accommodate claim in his amended complaint.

### ii. Motion for Summary Judgment – Failure to Exhaust Administrative Remedies

Defendant moves, in the alternative, to challenge Reid's Rehabilitation Act claims on the grounds of exhaustion of administrative remedies.  ECF No. 15 at 8-13.  Defendants argue Reid did not timely exhaust his administrative remedies because he filed the formal complaint outside of the allotted 15-day window.  *Id.* at

11 (citing 29 C.F.R. § 1614.106(b)).  As explained below, Defendant's Motion for Summary Judgment is denied <u>without</u> prejudice to reassert.

A plaintiff must exhaust their administrative remedies before they are able to bring an employment discrimination suit in federal court.  *Wilson v. MVM, Inc.*, 475 F.3d 166, 173 (3d Cir. 2007) (noting that Title VII and Rehabilitation Act claims brought by federal employees against federal employers require exhaustion of administrative remedies).  [A] plaintiff's failure to timely exhaust administrative remedies bars his subsequent claim in federal court."  *Harris v. Postmaster Gen. of U.S.*, No. 21-1589, 2022 WL 336999, at *1 (3d Cir. Feb. 4, 2022) (unpublished).

To exhaust administrative remedies for an employment discrimination claim against a federal employer, a plaintiff must comply with EEOC regulations and administrative processes.  First, an employee who believes they have been discriminated against on the basis of an enumerated protected class – including for a disability or related medical condition – must "consult a[n EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter," and must do so within "45 days of the date of the matter alleged to be discriminatory."  29 C.F.R. § 1614.105(a)(1).  Second, if the complaint cannot be resolved informally, a plaintiff must file a formal complaint with the relevant federal agency within 15 days of receiving a Notice of Right to File Complaint from the EEO counselor, explaining that the matter cannot be resolved informally.  29 C.F.R. § 1614.106.  In Reid's case, to file a formal complaint, he needed to submit a copy of Form VA 4939.  *See* U.S. Department of Veterans Affairs, Office of Resolution Management, Filing an EEO

Complaint: https://www.va.gov/orm/eeocomplaint/fileacomplaint.asp (last visited June 30, 2025).  Defendant argues Reid did not file the formal complaint within the 15-day window and therefore has not timely exhausted.  ECF No. 15 at 11.

These time limits are not jurisdictional and instead considered an "affirmative defense in the nature of statute of limitations," *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997), and are subject to the equitable legal defenses of waiver, estoppel, and tolling. 29 C.F.R. § 1614.604(f).  *See also King v. Mansfield Univ. of Pennsylvania,* 645 F. App'x 131, 132 (3d Cir. 2016) (explaining equitable tolling can apply to Rehabilitation Act claims because the Act "incorporates by reference Title VII's powers, remedies, and procedures") (cleaned up).

As an affirmative defense, the defendant bears the initial burden of proving untimely exhaustion.  *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Bowden v. U.S.*, 106 F.3d 433, 437 (D.C. Cir. 1997).  Once that burden has been met, "the obligation shifts to the plaintiff to support avoidance of the exhaustion bar, such as by asserting equitable defenses."  *Hill v. Garland*, No. CV 19-3389 (JEB), 2021 WL 965624, at *4 (D.D.C. Mar. 15, 2021) (citing *Bowden*, 106 F.3d at 437).

Here, it is undisputed that Reid filed his formal complaint more than 15 days after receiving the Notice of Right to File Discrimination Complaint.  *See* 29 C.F.R. § 1614.106(b).  Reid received the Notice on May 13, 2021, which triggered the 15-day window – or until May 28, 2021 – to file the formal complaint.  ECF No. 14-2 at 2-6.  *See also* 29 C.F.R. § 1614.106.  However, Reid did not file his formal complaint until June 29, 2021, after he returned from his military duties.  ECF No. 14-3 at 7;

ECF No. 14-4 at 4.  Therefore, Reid did not timely exhaust his administrative

remedies with respect to the Rehabilitation Act claims.  *See* 29 C.F.R. § 1614.106.

*See also Welker v. Perdue,* No. CV 17-230, 2018 WL 1305639, at *4 (W.D. Pa. Mar.

13, 2018) (granting summary judgment because plaintiff filed formal complaint

outside of 15-day window).

The 15-day time limit to file a formal complaint, however, is subject to

equitable tolling.  *King,* 645 F. App'x at 132.  Courts may permit equitable tolling:

"(1) where the defendant has actively misled the plaintiff respecting the plaintiff's

cause of action; (2) where the plaintiff in some extraordinary way has been

prevented from asserting his or her rights; or (3) where the plaintiff has timely

asserted his or her rights mistakenly in the wrong forum."  *Hedges v. U.S.*, 404 F.3d

744, 751 (3d Cir. 2005) (cleaned up).  Equitable tolling is an "extraordinary remedy"

that should be granted "sparingly."  *Id.*  (citing *Irwin v. Dept. of Veterans Affairs*,

498 U.S. 89, 96 (1990)).  Reid bears the burden to show he is entitled to tolling and

must show he exercised due diligence to preserve his claim.  *Irwin*, 498 U.S. at 96.

Reid, proceeding pro se, did not address the three grounds for equitable

tolling in his Opposition brief.  *See generally* ECF No. 23.[5]  A close review of the

current record precludes finding grounds for equitable tolling under the first and

---

[5]      Reid argues he struggled to navigate the administrative process due to his traumatic brain
injury.  ECF No. 23 at 2.  Here, where Reid otherwise pursued his claims through the EEO process
and brought his current complaint in Federal Court, his traumatic brain injury is not grounds for
equitable tolling because he "cannot demonstrate [an] inability to manage [his] affairs or
comprehend [his] legal rights."  *Speiser v. U.S. Dep't. of Health and Human Services*, 670 F.Supp.
380, 384 (D.D.C.1986), *aff'd*, 818 F.2d 95 (D.C.Cir.1987).  *See also Smith–Haynie v. District of
Columbia,* 155 F.3d 575, 580 (D.C.Cir.1998) (indicating that to warrant equitable tolling, the
plaintiff's disability "must be 'of such a nature as to show she is unable to manage her business
affairs or estate, or to comprehend her legal rights or liabilities").

third circumstances since there is no evidence that Reid was actively misled by the Defendant nor that Reid timely asserted his rights mistakenly in the wrong forum. *Hedges*, 404 F.3d at 751. However, under the second prong, there is not currently enough evidence before the Court to determine whether Reid was prevented from timely filing his formal complaint due to his military orders.

The "extraordinary circumstances" prong is a high-bar. *Adams v. United States*, No. 2:12-CV-1178, 2013 WL 4666329, at *8 (W.D. Pa. Aug. 30, 2013). "[W]hile the facts of a case 'may certainly be described as 'extraordinary' in the vernacular sense of the word,' they may not be sufficient to warrant the application of the federal equitable tolling rule." *Id.* (quoting *Kach v. Hose,* 589 F.3d 626, 645 (3d Cir.2009)). A "garden-variety claim of excusable neglect" is not an extraordinary circumstance warranting equitable tolling. *Jones v. United States*, 366 F. App'x 436, 441 (3d Cir. 2010).

The EEO documents introduce the fact that Reid was on military duty at least some time during the relevant period. *See* ECF No. 14-3 at 7. Per the Department of Veterans Affairs Office of Resolution Management's Notice of Dismissal which recounted the facts of the case, Reid gave his EEO Counselor the dates of his upcoming military duty. *Id.* Reid continued to have access to email until at least May 24, 2021, when he sent an email to "remind" his EEO Counselor "that he will be away on official orders and will have limited ability to download, print, or sign." *Id.* Then, when he returned from his military duties on June 25,

2021, he immediately contacted his EEO Counselor to inquire about his formal complaint. *Id. See also* ECF No. 14-4 at 4.

It is not clear from the current record exactly when Reid was away on military duties, whether it was during the 15-day window to file a formal complaint, and whether the nature of his particular role while on duty would have allowed him to have access to the internet or other means to file a formal complaint. Notably, Reid was diligent with following up on his formal complaint when he returned from his military orders on June 25, 2021. ECF No. 14-3 at 7. *See also Baker v. Henderson,* 150 F.Supp.2d 17, 21–22 (D.D.C.2001) (time period equitably tolled where plaintiff, in exercising due diligence, acted "swiftly" to file the complaint as soon as she discovered error).

Reid has not met his burden of showing grounds for equitable tolling. *Irwin*, 498 U.S. at 96. Given his pro se status and as his Rehabilitation Act claims are already being dismissed without prejudice, the Court will give Reid another opportunity to show grounds for equitable tolling. *See* Fed. R. Civ. P. 56(e)(1) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact"). *See also Arizmendi v. Lawson,* 914 F. Supp. 1157, 1163 (E.D. Pa. 1996) ("[Plaintiff] is proceeding pro se and the court will make every reasonable allowance for her . . . the court will [allow plaintiff to amend] . . . to show the possible applicability of the equitable tolling doctrine if plaintiff can do so in good faith").

The Court does not have enough information before it to determine whether Reid was prevented from timely filing his formal complaint because of his military orders.  Given this open question and Reid's pro se status, Defendant's Motion for Summary Judgment is denied <u>without</u> prejudice to reassert.  Defendant is not prohibited from raising the affirmative defense of failure to exhaust later, should Reid amend.

### b.  Title VII and ADEA

Reid notes in his Complaint that he is bringing a Title VII discrimination claim and an ADEA age discrimination claim.  ECF No. 11 at 7.  Defendant moves to dismiss both claims because Reid did not plead any allegations in his Complaint supporting those claims, and likewise moves for summary judgment because Reid did not exhaust his administrative remedies.  ECF No. 15 at 16.

Title VII prevents discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  The ADEA prevents discrimination based on a plaintiff's age.  29 U.S.C. § 623(a).

Based on the current record before the Court, it appears that Reid has not exhausted his administrative remedies as to his Title VII and ADEA claims.  Title VII has the same exhaustion requirements as the Rehabilitation Act.  *See generally* 29 C.F.R. §§ 1614.104-110.  The ADEA requires a separate process, where a federal employee must give the EEOC notice of an unlawful practice within 180 days of the

unlawful practice, and then can only file suit in federal court 30 days after

providing that original notice to the EEOC.  29 U.S.C. § 633a(d).

There is no evidence in the record that Reid correctly followed either the

relevant administrative processes.  Additionally, Reid cannot rely on the same EEO

filings supporting his disability discrimination claim – including Reid's initial

interview with the EEO counselor, the subsequent ruling, and his appeal (ECF Nos.

14-1 – 14-4) – because they only mention disability discrimination and do not

mention the types of discrimination covered by Title VII (race, color, religion, sex, or

national original) or the ADEA (age).  *See* ECF Nos. 14-1 – 14-4.

To the extent Reid can, <u>in good faith</u>, show he fully exhausted the rest of his

administrative remedies through the EEO administrative processes for Title VII

and the ADEA <u>during the relevant time period in 2021</u>, then he is allowed to further

support his Title VII and ADEA claims.  *See* Fed. R. Civ. P. 56(e).  Notably, his

current Complaint in the United States District Court for the Western District of

Pennsylvania is devoid of allegations of any other type of discrimination beyond

disability.  *See generally,* ECF No. 11.  If Reid can show, <u>in good faith</u>, that he went

through the EEO administrative processes as to those claims, he is also permitted

to amend his Complaint to better incorporate the allegations.

Accordingly, Defendant's Motion for Summary Judgment on Reid's failure to

exhaust administrative remedies as to his Title VII and ADEA claims will be denied

<u>without</u> prejudice.  Defendant's Motion to Dismiss Reid's Title VII and ADEA claims

for failure to state a claim will also be granted <u>without</u> prejudice and with leave for Reid to amend, if he can do so in <u>good faith</u>.

### c. PHRA

In addition to the Rehabilitation Act, Title VII, and ADEA claims, it appears to the Court that Reid also attempts to bring a PHRA claim related to his alleged handicap/disability.  ECF No. 11 at 7.  Defendant moves to dismiss Reid's PHRA claim with prejudice under Fed. R. Civ. P. 12(b)(1)[6] because the United States has sovereign immunity from state-law anti-discrimination claims, the United States has not waived that immunity, and the Court therefore does not have subject matter jurisdiction.  ECF No. 15 at 17.  The Court agrees with Defendant and will dismiss Reid's PHRA claim <u>with prejudice</u>.

Reid is attempting to bring an employment discrimination claim against the Veterans Affairs, which is an agency of the Federal Government.[7]  "Absent a waiver," the principle of sovereign immunity "shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The United States has not waived the right to sovereign immunity in employment discrimination suits and the United States Supreme Court has held Title VII is the "exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. General Services Administration*, 425 U.S.

---

[6]   Defendant states it is levying a factual attack against Plaintiff's Complaint, and in the alternative, are levying a facial attack to Plaintiff's Complaint.  ECF No. 15 at 6.

[7]   This will remain true even if Reid moves to substitute the Secretary of Veterans Affairs as the correct Defendant, as he is a federal employee.  *Rippy v. Pub. Health Mgmt. Corp.*, No. 19-1839, 2020 WL 832088, at *6 (E.D. Pa. Feb. 19, 2020) (dismissing PHRA claim against an individual who is an employee of a federal agency).

820, 829 (1976). Thus, "any claim against . . . federal defendants based on the PHRA must be dismissed for lack of subject matter jurisdiction because the federal government has not waived sovereign immunity with respect to state anti-discrimination laws." *Welker v. Perdue*, No. CV 17-230, 2018 WL 1305639, at *3 (W.D. Pa. Mar. 13, 2018) (quoting *Wilson v. MVM, Inc.,* 2004 WL 765103, at *12 (E.D. Pa. Apr. 1, 2004)). *See also Payne v. Dep't of Veteran Affs. Ins. Ctr.*, 2023 WL 7706322, at *4 (E.D. Pa. Nov. 15, 2023) ("[T]he United States has not waived its sovereign immunity with respect to state anti-discrimination laws like the PHRA").

PHRA claims "cannot be maintained against a federal agency." *Payne*, 2023 WL 7706322, at *4. *See also Rippy*, 2020 WL 832088, at *6 (dismissing plaintiff's PHRA claims asserted against federal defendant). Accordingly, Reid's claim under the PHRA must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). As any amendment to Reid's PHRA claim would be futile, this claim is dismissed <u>with prejudice</u> and Reid is <u>not</u> granted leave to amend this claim. *See LaSpina v. SEIU Pennsylvania State Council*, 985 F.3d 278, 291 (3d Cir. 2021) ("[L]eave to amend need not be granted if amendment would be futile") (cleaned up).

### d. USERRA

Lastly, in the cover letter attached to the Complaint, Reid states he is bringing a claim under USERRA. *See* ECF No. 11 at 1. *See also* ECF No. 11-2 at 1. USERRA was enacted, in part, "to prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). It also "prohibits

discrimination in employment on the basis of military service." *Murphy v. Radnor Twp.,* 542 F. App'x 173, 176 (3d Cir. 2013).

Defendant moves to dismiss this claim under Rule 12(b)(6) because Reid does not state a specific violation of any part of this statute or plead any facts showing discrimination based on his uniformed services. ECF No. 15 at 18. The Court agrees. Other than mentioning the statute, Reid does not plead any facts in his complaint that allege discrimination based on his work in the military. *See generally*, ECF No. 11. However, as amendment is not futile, Defendant's Motion to Dismiss will be granted <u>without</u> prejudice as to Reid's USERRA claim. Reid will be permitted to amend to better articulate his USERRA claim if he can do so in good faith. *See Grayson*, 293 F.3d at 114.

## VI.    Proper Defendant

As a final matter, the Defendant argues the Complaint should be dismissed because the proper party has not been named as Defendant. The Court agrees with the Defendant in so far as the proper party has not been named. The only proper defendant in a Title VII, Rehabilitation Act, or ADEA action brought by a federal employee is the head of the employing department. *Parker v. Sec'y United States Dep't of Veterans Affs.*, 676 F. App'x 101, 103 (3d Cir. 2017). *See also Williams v. Army & Air Force Exch. Serv.,* 830 F.2d 27, 29 (3d Cir. 1987) ("It is undisputed that the correct defendant in this action is not [the agency] but the head of the [Department or Agency] (citing 42 U.S.C. § 2000e–16(c) (1982) ("the head of the department, agency, or unit, as appropriate, shall be the defendant.")); *Romain v.*

*Shear*, 799 F.2d 1416, 1418 (9th Cir.1986) (the only proper defendant in a federal employee's ADEA suit is the agency head).

Here, Reid has named the "Veterans Administration of Pittsburgh" as the Defendant.  ECF No. 11.  The Veterans Administration of Pittsburgh is not the proper defendant for Reid's Title VII, Rehabilitation Act, or ADEA claims.  The proper party is the United States Secretary of Veterans Affairs. [8]  As Reid has already been given leave to amend his claims, he is likewise given leave to amend to the name the proper party.  *See Blue v. Def. Logistics Agency,* 181 F. App'x 272, 275 (3d Cir. 2006) (affirming District Court's amendment of the caption to replace defendant with agency secretary).

**VII.   Conclusion**

For the reasons stated herein:

- Defendant's Motion to Dismiss for failure to state a claim with respect to Reid's Rehabilitation Act disability discrimination and failure-to-accommodate claims is GRANTED <u>without</u> prejudice and with leave for Reid to amend.

- Defendant's Motion for Summary Judgment as to Reid's exhaustion of administrative remedies for his Rehabilitation Act claims will be DENIED <u>without</u> prejudice for Defendant to reassert.

- Defendant's Motion to Dismiss for failure to state a claim with respect to Reid's Title VII and ADEA claims is GRANTED <u>without</u> prejudice and with leave for Reid to amend.

- Defendant's Motion for Summary Judgment on Reid's exhaustion of administrative remedies for his Title VII and ADEA claims will be DENIED <u>without</u> prejudice for Defendant to reassert.

---

[8]      The Court takes judicial notice of the fact that as of the date of this Memorandum Opinion, Douglas A. Collins is currently serving as the United States Secretary of Veterans Affairs.

- Defendant's Motion to Dismiss for lack of subject matter jurisdiction with respect to Reid's PHRA claim is GRANTED <u>with</u> prejudice.

- Defendant's Motion to Dismiss for failure to state a claim with respect to Reid's USERRA claim is GRANTED <u>without</u> prejudice and with leave for Reid to amend.

It is further ORDERED that Reid is granted thirty (30) days, or until **<u>July 30, 2025</u>**, to file an amended complaint addressing the above deficiencies.  This case will be marked as ADMINISTRATIVELY CLOSED unless and until Reid files the amended complaint by the deadline.


DATED this 30th day of June, 2025.


BY THE COURT:


s/Christopher B. Brown

Christopher B. Brown
United States Magistrate Judge



CC:    GARRETT R. REID
       1155 WALL AVENUE
       PITCAIRN, PA 15140

       All counsel of record, *via ECF*