IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| GARRETT R. REID, | ) Civil Action No. 2:22-CV-01025-CBB |
| | ) |
| Plaintiff, | ) United States Magistrate Judge |
| | ) Christopher B. Brown |
| vs. | ) |
| | ) |
| VETERANS ADMINISTRATION, | ) |
| PITTSBURGH, PA, | ) |
| | ) |
| Defendant, | |

**MEMORANDUM OPINION[1]**

Plaintiff Garrett R. Reid ("Reid") initiated this pro se civil action alleging his

employer, Defendant Veterans Administration, Pittsburgh, PA ("Defendant"),

discriminated against him by failing to accommodate his traumatic brain injury

after he returned from military service.  For the reasons below, Reid's case will be

dismissed for failure to prosecute.

## I.    Procedural History

Reid initially brought this case on June 27, 2022 (ECF No. 1), and his

Complaint was docketed on July 31, 2024.  ECF No. 11.   In his Complaint, Reid

alleged the Defendant failed to accommodate his brain injury after he returned from

military service in violation in violation of Section 504 of the Rehabilitation Act, 29

U.S.C. § 794, *et seq.* ("the Rehabilitation Act"), Title VII of the Civil Rights Act of

1964, as amended 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in

---

[1]      All parties have consented to jurisdiction before a United States Magistrate Judge. *See* 28
U.S.C. § 636, *et seq.*

Employment Act of 1967, as amended 29 U.S.C. § 621, *et seq.* ("ADEA"), the

Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA"), and the

Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C.

§§ 4301 to 4333 ("USERRA").  ECF No. 11.

The Court granted Defendants' Motion to Dismiss/Motion for Summary

Judgment (ECF No. 14) on June 30, 2025.  ECF No. 31.  The Court dismissed Reid's

PHRA for lack of subject matter jurisdiction with prejudice.  *Id.* at 21-22.  Reid's

other claims were dismissed without prejudice and Reid was given leave to file an

Amended Complaint on or before July 30, 2025.  *Id.* at 2-3.

On September 10, 2025, Reid sent correspondence reiterating his arguments

and requesting that the case proceed to a jury.  ECF No. 32.  The correspondence

did not include an Amended Complaint nor request additional time to file an

Amended Complaint.  *Id.*

Since Reid is proceeding pro se, on September 15, 2025, the Court gave Reid

an additional thirty days, or until October 15, 2025, to file a motion for leave to

amend his Complaint.  ECF No. 33.  The Order instructed Reid that his motion

must: (1) address good cause under Fed. R. Civ. P. 6(b)(1)(B) for filing the Motion

well beyond his initial time of July 30, 2025 to amend the complaint; and (2) must

include a copy of the proposed amended complaint as an exhibit.  *Id.*  The Court's

Order advised Reid that if he did not respond by the deadline, the case would be

dismissed for failure to prosecute.  *Id.*

2

Before this next deadline, however, the case was stayed on October 3, 2025, in light of the lapse of federal funding. ECF No. 34. After the stay was lifted on November 17, 2025, the Court again extended Reid's deadline to file a motion for leave to amend his Complaint until December 3, 2025. ECF No. 37.

Since then, Reid has not filed a motion for leave, filed an Amended Complaint, sought an extension, or otherwise communicated with the Court.

## II.    Discussion

After over six months since his last correspondence, Reid's failure file an Amended Complaint or seek leave to do so reflects his lack of prosecution of this case. A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citing Fed. R. Civ. P. 41(b)). Fed. R. Civ. P. 41(b) states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute even if the plaintiff is proceeding pro se. The Sixth Circuit has stated that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural

requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Thus, a pro se litigant's failure to prosecute is not the same as "inartful pleading or [a] lack of legal training." *Id*. at 110.

The Third Circuit laid out factors that a court must consider when determining whether a case should be dismissed for the plaintiff's failure to prosecute in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 868 (3d Cir. 1984). These factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id*.

Based on these factors, Reid's case will be dismissed for failure to prosecute. Factor one weighs in favor of dismissal. Because Reid is proceeding pro se, "the responsibility of moving the case forward lies with him." *Cravener v. McClister*, No. 2:23-CV-00355, 2023 WL 7168929, at *3 (W.D. Pa. Oct. 9, 2023), *report and recommendation adopted*, No. CV 23-355, 2023 WL 7166475 (W.D. Pa. Oct. 31, 2023). And yet, Reid has not participated in this case since his correspondence to the Court in September 2025.

Factors two and three also weigh in favor of dismissal. The case simply cannot move forward with a non-responsive Plaintiff. Defendant has been unable to evaluate an amended complaint or otherwise proceed with its defense in this action,

4

and Reid has repeatedly missed deadlines.  Reid has been given multiple extensions of time, and yet failed to amend his complaint.  Factor three is neutral.  The Court cannot conclude that Reid's dilatory conduct is in bad faith, so this factor does not weigh in favor of dismissal.

Additionally, under factor five, there are no alternative sanctions which would adequately punish Reid for his failure to prosecute his case; imposing a monetary sanction against Reid who is proceeding *in forma pauperis* would not be effective as he appears impecunious.

Factor six is also neutral.  The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim applies in the *Poulis* analysis.  *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).  Because his claims have been dismissed, the Court cannot reach any conclusion about whether Reid could successfully amend his claims that were dismissed without prejudice.  But not all the *Poulis* factors "need be met for a district court to find dismissal is warranted." *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

In conclusion, four *Poulis* factors weigh heavily in favor of dismissal and only two factors are neutral.  The case will be dismissed.

### III.   Conclusion

It has been nearly eight months since Reid's original July 30, 2025 deadline to amend his Complaint and since then, the case has been unable to advance beyond the motion to dismiss stage.  Because Reid failed to amend his complaint, there are no claims pending in this matter.  The Court cannot move this action forward and

properly protect the rights of all parties if Reid does not take any action to prosecute this matter.   This case will be dismissed for failure to prosecute.

An appropriate Order follows.

DATED this 17th day of March, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

CC:    GARRETT R. REID
       1155 WALL AVENUE
       PITCAIRN, PA 15140

       All counsel of record, *via ECF*